**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,

  Plaintiff,

  v.            Case No. 1:22cr081

Ieben Ewing,          Judge Michael R. Barrett

  Defendant.

### ORDER

This matter came before the Court on Defendant's Motion to Suppress Evidence (Doc. 20) and the Government's Response thereto (Doc. 21). The Court held a hearing on Defendant's Motion on February 17, 2023. (Doc. 22).

**I. BACKGROUND**

Defendant has been charged with Possession with Intent to Distribute Cocaine and Marijuana; Possession of a Firearm in Furtherance of Offense; Possession by a Prohibited Person. (Doc. 3).

Defendant maintains that on March 17, 2022, an unlawful search warrant was executed for the residence located at 6625 Betts Avenue, Cincinnati, Ohio and a black GMC Yukon observed at the residence. In his Motion, Defendant seeks to suppress: (1) any and all evidence seized from 6625 Betts Avenue, Cincinnati, Ohio; (2) any and all evidence seized from the black GMC Yukon; and (3) any statements obtained by the officers subsequent to the search warrant as being the fruit of the poisonous tree of the unlawful searches.

1

## II. ANALYSIS

### A. *Franks* Hearing

At the hearing, Defendant requested testimony, pursuant to *Franks vs. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d (1978), as to the issue of whether the "anonymous source" referenced in the search warrant affidavit was actually a "known drug dealer trying to work off a case." (Doc. 20, PAGEID 48). In support of his request, Defendant submitted "An Application to Seal Affidavit, Warrant and Return" filed in the Hamilton County Municipal Court which requested that the warrant at issue in this case be sealed because the release of the record would create a high probability of disclosure of "[i]information provided by an information source or witness to whom confidentially has been reasonably promised, which information would reasonably, tend to disclose his identity." (Doc. 20-1, PAGEID 53). This Application to Seal was filed two weeks after the affidavit, but contemporaneous with return of the warrant. Defendant maintains that this demonstrates that the "anonymous source" referenced in the search warrant affidavit was in fact a known informant. At the hearing, Defendant also presented a demonstrative exhibit depicting the potential connection among several search targets based on the timing of their arrests.

The Court concludes that these submissions are merely conclusory and are not sufficient to require a hearing. *See Franks v. Delaware*, 438 U.S. at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). Further, regardless of this issue, the Court finds that there is sufficient content in the search warrant affidavit to support a finding of probable cause, as set forth below.

B. **<u>Probable cause</u>**

The Fourth Amendment prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. As the Sixth Circuit has recently reiterated:

> "[T]o establish probable cause for a search, an affidavit must show a likelihood of two things: first, that the items sought are 'seizable by virtue of being connected with criminal activity'; and second, 'that the items will be found in the place to be searched.'" *United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 n.6, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)); *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009). "The nexus between 'criminal activity' and the item to be seized is 'automatic[ ]' when the object of the search is 'contraband.'" *Church*, 823 F.3d at 355 (quoting *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967)). "A police request to search for illegal drugs therefore needs to satisfy only the second showing for a valid warrant: 'a fair probability' that the drugs 'will be found in a particular place.'" *Id*. (quoting *Gates*, 462 U.S. at 238, 103 S.Ct. 2317). "There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (quoting *United States v. Van Shutters*, 163 F.3d 331, 365–337 (6th Cir. 1998)). The connection between the residence and the evidence of criminal activity must be specific and concrete, not "vague" or "generalized." *Id*. at 595. Whether an affidavit establishes a proper nexus is resolved by examining the totality of the circumstances presented. *Gates*, 462 U.S. at 238, 103 S.Ct. 2317.

*United States v. Sanders*, 59 F.4th 232, 237 (6th Cir. 2023).

Agents conducted an investigation of possible drug trafficking at 6625 Betts Avenue, Cincinnati, OH, and determined the following: based on a search in LEADS, Defendant was a possible resident of the address; a records check revealed Defendant had several (albeit dated) convictions for drug trafficking in Hamilton County; and surveillance revealed that on March 10, 2022, Defendant was observed exiting the residence, approaching the front passenger side of a sedan, and engaging in "a quick

3

hand to hand." (Doc. 20-1, PAGEID 55). On the same date, agents conducted a trash pull from curbside garbage and obtained evidence of drug activity along with mail addressed to Defendant. A week later, another trash pull was conducted and additional evidence consistent with drug activity was found.

"It is well established in this Circuit that drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes." *United States v. Abernathy*, 843 F.3d 243, 252 (6th Cir. 2016) (citing *Marcilis v. Township of Redford*, 693 F.3d 589, 600-601 (6th Cir. 2012)). The Court determines that the evidence recovered from the trash pulls alone would not establish probably cause. However, when combined with Defendant's ties to the residence, Defendant's past history of drug involvement and Defendant's participation in what would appear to be a hand-to-hand drug transaction, the trash pull evidence does lead to the conclusion that there is a fair probability that drugs would be found in the Betts Avenue residence.

In this case, there is sufficient nexus between the suspected illegal activity and the Betts Avenue residence as a result of the contents of the trash pull.

However, there has not been a showing of probable cause to search the black GMC Yukon. The affidavit merely states that during the surveillance of the Betts Avenue residence, Defendant was seen entering the black GMC Yukon multiple times on March 11, 2022. (Doc. 20-1, PAGEID 55-6).

### III.     CONCLUSION

Therefore, Defendant's Motion to Suppress Evidence (Doc. 20) is **DENIED** as to the evidence seized from 6625 Betts Avenue, Cincinnati, Ohio; and **GRANTED** as to the

evidence seized from the black GMC Yukon.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court