**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

Plaintiff,

v.

Case No. 1:22cr081

Ieben Ewing,

Judge Michael R. Barrett

Defendant.

**OPINION & ORDER**

This matter is before the court on Defendant Ieben Ewing's Motion for Judgment of Acquittal (Doc. 39) and the Government's Response in Opposition to Motion for Acquittal (Doc. 40).

On September 21, 2022, the grand jury returned an indictment against Defendant, charging him with three counts: (1) possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(D); (2) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (3) possession by a prohibited person in violation of 18 U.S.C. § 922(g). (Doc. 3).

A three-day jury trial commenced on March 27, 2023. The Government presented five witnesses in its case-in-chief. At the close of the Government's case, Defendant made an oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court denied the motion. (Doc. 32).

On March 29, 2023, the jury returned a verdict of guilty on all three counts. After the verdict was returned, Defendant renewed his Rule 29 motion, arguing that the Government failed to establish the elements on all three of the offenses charged. In the

instant Rule 29 motion, Defendant seeks acquittal for possession of marijuana with the intent to distribute charged in Count One of the Indictment. Defendant maintains that the Government has failed to produce sufficient evidence to establish beyond a reasonable doubt that the substance possessed by him was marijuana.

**Standard of review**

Federal Rule of Criminal Procedure 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Following a jury verdict of guilty, Federal Rule of Criminal Procedure 29(c) permits the defendant to renew his or her motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). When reviewing a motion under Rule 29(c), this Court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citing *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002)). In doing so, this Court must not "weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)).

**Analysis**

"The elements of a charge of possession with intent to distribute illegal drugs are (1) the defendant knowingly; (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Matthews*, 298 F. App'x 460, 464-65 (6th Cir. 2008) (quoting *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995)). Defendant argues that

the lack of scientific laboratory or a toxicology report requires acquittal as to the possession of marijuana with intent to distribute.

The Sixth Circuit has explained that "the government may establish the identity of a drug through cumulative circumstantial evidence. As long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable." *United States v. Wright*, 16 F.3d 1429, 1440-41 (6th Cir. 1994) (quoting *United States v. Schrock*, 855 F.2d 327, 344 (6th Cir. 1988)). Defendant acknowledges as much but argues that it is impossible to distinguish whether a cannabis plant is marijuana or hemp by only looking at it. (Doc. 39, PAGEID 208) (citing *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 544 (7th Cir. 2020) ("law enforcement officers find it nearly impossible to distinguish between low-THC smokable hemp and marijuana in the field.") and *Hembrook v. Sieber*, No. 2:20-CV-00058, 2022 WL 3702091, at *9 (M.D. Tenn. Aug. 26, 2022), report and recommendation approved, No. 2:20-CV-00058, 2022 WL 4358771 (M.D. Tenn. Sept. 20, 2022) ("[I]t is impossible to visually distinguish whether a cannabis plant is either marijuana or hemp by looking at it—it has to be scientifically tested—and hemp and marijuana smell the same and are indistinguishable based upon smell alone.").

The Court finds that the primary cases cited by the defense, *Holcomb* and *Hembrook,* are not particularly helpful for the legal issue at hand. *Holbrook* is a civil case in which a group of hemp sellers sought to enjoin Indiana's prohibitions on smokable hemp. Defendant cites part of Indiana's arguments to the court, not a determination by the Seventh Circuit. *Hembrook,* a Section 1983 action, deals with a probable cause

determination and not an ultimate issue of fact determined by a jury. Nonetheless, the Court is on notice of the similarities in appearance of illegal marijuana and legal hemp.

The Government directs the Court to *United States v. Almada-Almada,* 462 F.2d 952 (9th Cir. 1972) (per curiam). In upholding a marijuana conviction without chemist testimony the Ninth Circuit explained:

> The agent had seen marijuana bricks more than one hundred times; he had been trained to identify marijuana and was familiar with its visual appearance and its characteristic smell; he had never been mistaken in making a visual identification of what be believed to be marijuana; and he described in court the basis for his identification of the substance in this case. The identification question was one regularly faced by the agent. *Compare Ignacio v. Guam*, 413 F.2d 513 (9th Cir. 1969), *cert. denied* 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed. 2d 124 (1970). The district court had ample reason to conclude that the agent was qualified to distinguish marijuana from some other substance. *Compare United States v. Martin*, 459 F.2d 1009 (9th Cir. 1972).

462 F.2d at 952. Likewise, in *U.S. v. Ferguson,* the Ninth Circuit determined that the officer's observations coupled with the defendant's statement that he was hired to pick up marijuana was sufficient to sustain conviction:

> Officer Miller, who had considerable experience in identifying marijuana, testified that the debris was marijuana.
>
> . . .
>
> Appellant's contention that the evidence was insufficient to support the verdict is without merit. Appellant admitted that he was hired to pick up marijuana and that he went to the area in which the pickup was to be accomplished.

555 F.2d 1372, 1373 (9th Cir. 1977).

As these two cases illustrate, courts have concluded that:

> [L]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction. Such circumstantial proof may include evidence of the physical appearance of the substance

> involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.

*United States v. Bryce*, 208 F.3d 346, 353–54 (2d Cir. 1999) (quoting *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976)); *see also United States v. Rivera*, 413 F. App'x 470, 476 (3d Cir. 2011) (quoting *United States v. Harrell*, 737 F.2d 971, 978 (11th Cir.1984) (explaining evidence from which the jury is able to identify a substance "can include lay experience based on familiarity through prior use, trading, or law enforcement; a high sales price; on-the-scene remarks by a conspirator identifying the substance as a drug; and behavior characteristic of sales and use such as testing, weighing, cutting and peculiar ingestion.").

In the instant case, law enforcement found three plastic bags which they identified as containing marijuana weighing approximately 1,225 grams. These bags were located under a bed in the primary bedroom of Defendant's home in a plastic black-and-white shopping bag, in close proximity to a firearm. (GX 38 and GX 43 TT). Officers also found three plastic bags identified as marijuana on a coffee table in the living room. (GX 39 and GX 43g). However, this evidence was neither field-tested nor submitted to a laboratory for analysis.

Defendant was interviewed by law enforcement. Portions of the recording of this interview were played at trial. (GX 41b). During these portions of the interview, Defendant admitted that he possessed cocaine in an amount which he described as "too much."

However, Defendant made no references to marijuana in the portions of the recording which were played for the jury.

At trial, Agent Nicholas Johansing testified that six bags of marijuana were found in Defendant's home and marijuana is a Schedule I controlled substance. Johansing explained that there was a box of plastic baggies found on the coffee table next to a bag of marijuana. Johansing stated that baggies are commonly used to sell smaller quantities of narcotics. Johansing also explained that there was a digital scale found on the coffee table in Defendant's house and digital scales are used to weigh narcotics. However, Johansing did not state he was trained to identify the visual appearance of marijuana; or explain how the substance in the plastic bags was identified as marijuana. In short, there was nothing in the trial testimony which would corroborate the identification of the marijuana.

Such evidence falls short of the type of evidence found to be sufficient direct or circumstantial evidence which would demonstrate the identity of the substance as marijuana beyond a reasonable doubt. *See*, *e.g.*, *United States v. Rivera*, No. 3:20-CR-0020, 2021 WL 3560807, at *3 (D.V.I. Aug. 11, 2021) (concluding chemist's testimony along with several instances of deceitful conduct by the defendant was sufficient for the jury to conclude that substance was marijuana and not hemp).

Therefore, when viewed in the light most favorable to the prosecution, the Court concludes that there was not sufficient evidence from which any reasonable trier of fact could find that the essential elements of the offense were met. Defendant must be acquitted of the conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Based on the foregoing, Defendant Ieben Ewing's

Motion for Judgment of Acquittal (Doc. 39) for possession with intent to distribute marijuana is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court